**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>ECM Enterprises LLC, et al.,<br><br>    Defendants. | No. CV-24-00427-PHX-KML<br><br>**ORDER** |

Plaintiff Joe Hand Promotions Inc. ("JHP") filed a second motion for default judgment after its initial motion sought judgment on a claim it had not alleged. (*See* Doc. 23.) When evaluating JHP's motion the court must consider seven factors. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the possibility of prejudice to JHP weighs in favor of default judgment because if "default judgment is not granted, [JHP] will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of JHP's claims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

JHP had the exclusive right to license to commercial establishments the exhibition of a February 22, 2020, boxing match. JHP offered commercial establishments the right to exhibit that match for a fee. Defendants ECM Enterprises LLC and Deon McCalla are the owners and operators of "Beverage Barbers," a commercial establishment in Avondale. Beverage Barbers did not purchase the right to exhibit the match but still did so, displaying the match on two televisions. Based on the maximum occupancy of Beverage Barbers, the commercial license fee would have been $1,450. JHP alleges defendants' exhibition of the match constituted copyright infringement.

To state a claim for copyright infringement, a plaintiff must allege "ownership of the allegedly infringed material" and that "the alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). JHP alleges ownership of a valid copyright to the boxing match. And JHP alleges defendants infringed its "exclusive rights 'to perform . . . [and] to display [that] copyrighted work.'" *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1073 (9th Cir. 2023) (quoting 17 U.S.C. § 106(4), (5)). JHP has stated a claim for copyright infringement.

JHP argues defendants' infringement was willful. To qualify as willful infringement, a plaintiff must allege "the defendant was actually aware of the infringing activity, or . . . the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (simplified). JHP alleges defendants' behavior was willful because Beverage Barbers was "a past customer of [JHP], having previously

licensed eight (8) pay-per-view events from [JHP]." (Doc. 1 at 4.) That history indicates Beverage Barbers "knew that legally exhibiting the [boxing match] required a transaction through [JHP]." (Doc. 1 at 4-5.) Defendants as owners and operators of Beverage Barbers therefore must have "intentionally pirated" the boxing match.

JHP has stated a strong claim for willful copyright infringement. The merits of the claim and the sufficiency of the complaint weigh in favor of default judgment.

### 3. Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014).

JHP seeks default judgment in the amount of $5,800. (Doc. 24-1 at 13.) That is a small amount considering that damages of up to $150,000 are authorized. 17 U.S.C. § 501. The amount in controversy weighs in favor of default judgment.

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Defendants' decision to stop participating means there is no indication of such disputes. This factor weighs in favor of default judgment.

### 5. Excusable Neglect

Defendants participated in the case for a few months after the complaint was filed but their final filing was on June 20, 2023. (Doc. 8.) Defendants were aware of this suit and there is no indication their failure to continue to defend was the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor weighs in favor of default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

**7. Default Judgment is Merited**

Viewing the factors together, default judgment is merited. The only remaining issue is the amount of damages.

**8. Damages**

It is JHP's burden to prove the amount of its damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). To "discourage continued abuse and give effect to the Copyright Act, the amount awarded in statutory damages should significantly exceed the amount of unpaid license fees." *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1135 (D. Ariz. 2013). Courts often use a multiplier of three or four times the commercial license fee as an appropriate measure of damages. *Id.* (citing cases). If defendants had obtained a commercial license, the fee would have been $1,450. (Doc. 24-1.) A multiplier of four is a reasonable amount to compensate JHP and deter future infringement. JHP is entitled to a judgment of $5,800.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 24) is **GRANTED**. The Clerk of Court is directed to enter a judgment in favor of plaintiff and against defendants jointly and severally in the amount of $5,800 and close this case.

Dated this 27th day of May, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge

- 4 -